**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––––

**No. 21-1015**

––––––––––––––

ISLAND CREEK KENTUCKY MINING,

        Petitioner,

      v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; GARY W. MALCOMB,

        Respondents.

––––––––––––––

On Petition for Review of an Order of the Benefits Review Board.  (19-0542 BLA)

––––––––––––––

Submitted:  November 30, 2022                    Decided:  December 21, 2022

––––––––––––––

Before DIAZ, HARRIS and RICHARDSON, Circuit Judges.

––––––––––––––

Petition denied by unpublished per curiam opinion.

––––––––––––––

**ON BRIEF:** Joseph D. Halbert, Crystal L. Moore, SHELTON, BRANHAM & HALBERT, PLLC, Lexington, Kentucky, for Petitioner.  Elena S. Goldstein, Deputy Solicitor, Barry H. Joyner, Associate Solicitor, Jennifer L. Feldman, Deputy Associate Solicitor, Gary K. Stearman, Jeffrey S. Goldberg, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Federal Respondent. Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Gary Malcolmb.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Island Creek Kentucky Mining ("Employer") petitions this court for review of the Benefits Review Board's (BRB) per curiam decision affirming the Administrative Law Judge's (ALJ) opinion and order granting Gary W. Malcomb's ("Claimant") request for modification and awarding Claimant benefits. Employer contends that its due process and equal protection rights were violated, that the ALJ erroneously considered the medical evidence, and that the ALJ failed to adequately consider whether granting the modification would serve justice under the Black Lung Benefits Act, 30 U.S.C. §§ 901, 944 ("Act"). We affirm.

Our review of a BRB decision is limited to considering "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (brackets and internal quotation marks omitted). We must "evaluate the legal conclusions of the [BRB] and ALJ de novo but defer to the ALJ's factual findings if supported by substantial evidence." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016). We also must determine "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Mingo Logan Coal Co. v. Owens*, 724 F.3d 550, 557 (4th Cir. 2013) (internal quotation marks omitted).

Because Employer did not exhaust its due process and equal protection claims before the ALJ and the BRB, Employer has forfeited review of those claims. *See Edd Potter Coal Co. v. Dir., OWCP*, 39 F.4th 202, 206-11 (4th Cir. 2022) (holding that if a

2

party fails to exhaust a claim at the appropriate stage in a proceeding, then the party has forfeited that claim).  We therefore decline to address them on appeal.

Next, Employer contends that the ALJ's decision was not supported by the medical evidence and was internally inconsistent.  After reviewing the record, we conclude that the ALJ adequately considered the evidence, acted within his discretion, and made factual findings supported by substantial evidence.  Therefore, we reject this argument.

Finally, the ALJ adequately considered whether granting the modification would serve justice under the act.  We have highlighted several factors that ALJs should consider when considering whether granting modification would serve justice under the Act: accuracy, the diligence and motive of the requesting party, and whether a favorable ruling would be futile.  *Sharpe v. Dir., OWCP*, 495 F.3d 125, 132-33 (4th Cir. 2007).  After reviewing the record, we conclude that the ALJ adequately considered these factors when granting Claimant's modification request.

Accordingly, we affirm the BRB's decision upholding the ALJ's decision and order granting Claimant's modification request.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*